UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA MCDONALD,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:24-cv-00910-HBK<br><br>ORDER REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY[1]<br><br>(Doc. Nos. 14, 18) |

Monica McDonald ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits under the Social Security Act. (Doc. No. 1). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 14, 18). For the reasons stated, the Court orders this matter remanded for further administrative proceedings.

**I.    JURISDICTION**

Plaintiff protectively filed for disability insurance benefits on November 3, 2021, alleging

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 10).

1  an onset date of December 1, 2019. (AR 156-62). Benefits were denied initially (AR 56-68, 90-
2  94), and upon reconsideration (AR 69-83, 96-102). Plaintiff appeared at a hearing before an
3  Administrative Law Judge ("ALJ") on February 5, 2024. (AR 31-55). Plaintiff was represented
4  by counsel and testified at the hearing. (*Id*.). On March 5, 2024, the ALJ issued an unfavorable
5  decision (AR 14-30), and May 17, 2023 the Appeals Council denied review (AR 1-6). The matter
6  is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## II.   BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 48 years old at the time of the hearing. (*See* AR 201). Plaintiff testified that she has her GED. (AR 35). She lives with her husband. (AR 37). Plaintiff has work history as an admitting clerk. (AR 35-36, 51). Plaintiff testified that her joints are stiff and swollen due to rheumatoid arthritis and Hashimoto's disease. (AR 39). She reported her hands, wrists, and knees are the joints most affected, and four days out of the week she has swelling in her joints. (AR 40-42, 47). Plaintiff reported she has back pain that is "more of an arthritic condition," and she gets epidural and facet joint injections in her spine. (AR 42). Her energy level is down but she is unsure if it is rheumatoid or due to Hashimoto's disease. (AR 44). Plaintiff testified the longest distance she can walk is a block and it would take 10-15 minutes; she can use her hands for 10 minutes before taking a break for 30-45 minutes because they stiffen up and ache; she can lift and carry 10 pounds for a short distance; and she has bad days where she cannot do anything about three days a week. (AR 46-48).

## III.   STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a

2

conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.   FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step

3

two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable

of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.   ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 1, 2019, the alleged onset date. (AR 19). At step two, the ALJ found that Plaintiff had the following severe impairments: rheumatoid arthritis (RA); degenerative disc disease of the thoracic and lumbar spine; Hashimoto's thyroiditis with hypothyroidism; and obesity. (AR 19). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 20). The ALJ then found that Plaintiff has the RFC to

> perform light work as defined in 20 CFR 404.1567(b) except the individual can frequently handle and finger with the bilateral upper extremities. The individual can occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs. The individual cannot climb ladders, ropes, or scaffolds and can have no exposure to hazards such as unprotected heights and moving mechanical parts. The individual could do jobs that do not [expose] her to extremes of temperature or poorly ventilated workspaces.

(AR 21). At step four, the ALJ found that Plaintiff is capable of performing past relevant work as an admitting clerk. (AR 26). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from December 1, 2019, through the date of the decision. (AR 26).

## VI.   ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issues for this Court's review: whether the ALJ properly considered Plaintiff's

5

symptom claims.  (Doc. No. 14 at 13-17).

## VII.   DISCUSSION

### A. Symptom Claims

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). The ALJ first must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (internal quotation marks omitted).  "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.").  "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."  (AR 22).  Plaintiff argues the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's subjective reports.  (Doc. No. 14 at

13-17). The Court agrees.

It is well-settled in the Ninth Circuit that ALJs are not required "to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." *See Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020); *Smartt v. Kijakazi*, 53 F. 4th 489, 499 (9th Cir. 2022) ("The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince.")). However, "[a]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015); *see also Lambert*, 980 F.3d at 1278. Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001); *Brown-Hunter*, 806 F.3d at 494 ("To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by the evidence in the record, to support that credibility determination.").

Here, while he identified Plaintiff's claimed impairments of chronic joint pain, swelling, and stiffness, fatigue, and inability to use her hands, sit, stand, and walk for prolonged periods, as "objective medical evidence supporting the existence of claimant's severe medical conditions," the ALJ found "the severity of the conditions as alleged by the claimant are generally not consistent with the objective evidence and other evidence and are, therefore, less likely to reduce her capacities to perform work-related activities." (AR 22). Presumably in support of this finding, the ALJ offers an analysis that is entirely comprised of a chronological summary of the relevant objective and clinical evidence regarding Plaintiff's rheumatoid arthritis disorder including joint pain and swelling in her hands, feet, knees, lower back, and right hip; thoracic and lumbar back pain that "progressively worsened over time"; Hashimoto's disease; and obesity. (AR 22-24 (citing AR 430-49 (examinations confirming +1 synovitis in scattered metacarpophalangeal (MCPs) and proximal interphalangeal (PIPs) joints, noting diagnosis of

seronegative rheumatoid arthritis, but no neurological deficits, no atrophy, normal muscle strength, no atrophy, and good grip strength), 465-67, 469-71, 528-31 (normal May 2022 x-ray images of Plaintiff's bilateral ankles and feet), 536 (May 2022 x-ray of left wrist showed cystic focus in the scaphoid measuring about 6 mm in diameter but no periarticular erosion was identified), 537 (May 2022 of right wrist showed stable marginated cystic changes in the scaphoid but no fracture, dislocation, periarticular erosion or osteopenia), 599 (thyroid levels in normal range), 649 (same), 653 (noting "adequate control" of back pain with medication), 658 (referral to pain management several months later for pain in thoracic and lumbar areas), 659 (spasms and tenderness in thoracic and lumbar spine, and decreased range of motion), 676 (same), 678-79 (July 2022 x-ray revealing mild degenerative changes in lumbar spine), 680-81 (July 2022 x-ray of thoracic spine revealing moderate multilevel disc degeneration), 689 (November 2022 MRI of lumbar spine finding mild degenerative change, no stenosis, no cord compression), 683-84 (November 2022 MRI of thoracic spine showing mild degenerative changes, prominent interval decrease in T12-L1 right central disc herniation), 741 (normal thyroid levels when treated with Synthroid daily), 750 (restricted range of motion in lumbar spine), 772 (noting treatment with medication for RA with "modest relief"), 811-831 (documenting weekly RA flares from April 2022 through October 2023, noting mild puffiness or synovitis in hands, isolated decreased range of motion, spasms, and tenderness in the lumbar spine, but no neurological deficits, no atrophy, normal muscle strength, and good grip strength), 833 (reporting significant improvement in back pain up to 75% after fact joint injection, and current pain 2/10).

Defendant argues the ALJ "compared Plaintiff's allegations of disabling symptoms with the objective medical evidence and the improvement documented therein." (Doc. No. 18 at 5). However, in support of this argument Defendant offers the same chronological summary of the objective and clinical evidence of record offered in the ALJ's decision. (*Id*. at 5-8). It is well-settled in the Ninth Circuit that "providing a summary of medical evidence … is not the same as providing clear and convincing *reasons* for finding the claimant's testimony not credible." *Lambert*, 980 F.3d at 1278 (emphasis in original) (citing *Brown-Hunter*, 806 F.3d at 494).

Moreover, Defendant is correct that the effectiveness of treatment is a relevant factor in

1 determining the severity of Plaintiff's symptoms.  (Doc. No. 18 at  *See* SSR 16-3p, at *7-8; 20
2 C.F.R. § 416.929(c)(3); *see also Tommasetti*, 533 F.3d at 1040 (a favorable response to treatment
3 can undermine a claimant's complaints of debilitating pain or other severe limitations); *Warre v.*
4 *Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (conditions effectively
5 controlled with medication are not disabling for purposes of determining eligibility for benefits).
6 However, a plain reading of the ALJ's decision indicates that the evidence of "significant
7 improvement up to 75%" after administration of therapeutic fact joint injections of the lumbar
8 spine on March 3, 2023 (24, 833), and "normal range of function" of thyroid levels with
9 medication management (AR 24, 599, 649, 741), was offered as part of the summary of medical
10 evidence without reference to any specific limitation claimed by Plaintiff.  *See Bray v. Comm'r of*
11 *Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court "review[s] the ALJ's decision
12 based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that
13 attempt to intuit what the adjudicator may have been thinking.").  Moreover, even were the Court
14 to consider this evidence as support for the ALJ's rejection of Plaintiff's subjective complaints
15 regarding Hashimoto's disease and lumbar back pain, the ALJ offers no evidence of improvement
16 in Plaintiff's rheumatoid arthritis despite consistent treatment throughout the relevant
17 adjudicatory period.  Thus, improvement with treatment does not rise to the level of a clear and
18 convincing reason, supported by substantial evidence, for the ALJ to reject Plaintiff's symptom
19 claims in their entirety, particularly regarding her claimed joint pain and swelling due to
20 rheumatoid arthritis.  (AR 39-41, 47).
21     Based on the foregoing, to the extent that the ALJ found Plaintiff's symptom claims were
22 not supported by the objective medical evidence without explanation as to how the medical
23 evidence undermined her testimony, this was not a clear and convincing reason, supported by
24 substantial evidence, to discount her symptom claims.  On remand, the ALJ must reconsider
25 Plaintiff's symptom claims.
26     **B. Remedy**
27     Plaintiff contends that the proper remedy in this case is a remand for further
28 administrative proceedings.  (Doc. No. 14 at 17); *see Treichler v. Comm'r of Soc. Sec. Admin.*,

1    775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further
2    administrative proceedings would serve a useful purpose).  The Court agrees.  Here, the ALJ
3    improperly considered Plaintiff's symptom claims, which calls into question whether the assessed
4    RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial
5    evidence.  "Where," as here, "there is conflicting evidence, and not all essential factual issues
6    have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at
7    1101.  On remand, the ALJ should reevaluate Plaintiff's symptom claims.  The ALJ should
8    conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional
9    testimony from a vocational expert which includes all of the limitations credited by the ALJ.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 14) is GRANTED.
2. Defendant's Cross Motion for Summary Judgment (Doc. No. 18) is DENIED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.
4. An application for attorney fees may be filed by separate motion within thirty (30) days.
5. The Clerk shall enter judgment in favor of Plaintiff, terminate any motions and deadlines, and close this case.

Dated:   July 31, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

10